[929 NYS2d 639]

In the Matter of BRETT K. MARGOLIN, an Attorney, Resignor.

Second Department, September 20, 2011

**APPEARANCES OF COUNSEL**

*Robert A. Green*, Hauppauge (*Robert H. Cabble* of counsel), for Grievance Committee for the Tenth Judicial District.

*Mischel & Horn, P.C.*, New York City (*Richard E. Mischel* of counsel), for resignor.

**OPINION OF THE COURT**

Per Curiam.

Brett K. Margolin has submitted an affidavit dated April 28, 2011, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Margolin was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 13, 2008.

Mr. Margolin avers that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implication of submitting his resignation, including being barred by Judiciary Law § 90 from seeking reinstatement for at least seven years.

Mr. Margolin acknowledges that the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) is investigating 21 complaints of professional misconduct against him and that charges, including but not limited to the following, would be recommended to the Appellate Division for prosecution based upon the foregoing: (a) engaging in conduct prejudicial to the administration of justice, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d), by failing to cooperate in the Grievance Committee's investigation, including an affirmative refusal to submit to an examination under oath, and failing to submit written answers to several complaints; (b) engaging in conduct prejudicial to the administration of justice, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d), by failing to promptly refund unearned fees, and, in at least one instance, failing to satisfy a judgment for a refund of a retainer fee; (c) neglecting client matters in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.3 (b); (d) failing to act with reasonable diligence and promptness in representing a client, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.3 (a); (e) failing to promptly comply with clients' reasonable requests for information, such as fee refunds and the status of their matters, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.4 (a) (3) and (4); (f) inserting a nonrefundable fee provision in retainer agreements, including a nonrefundable "processing fee," and a three-day time limitation to the client's ability to cancel the legal services and obtain a fee refund, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.5 (d) (4); (g) failing to adequately supervise the work of nonlawyer employees and other nonlawyer contractors

and entities with which his law firm was affiliated, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 5.3; (h) solicitation and/or recommendation of professional employment, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 7.3 (a); (i) practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 5.5; (j) inclusion or permitting the inclusion of the name of a nonlegal entity with the name of the law firm in letterheads, notices, or signs, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 7.5 (b); (k) engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (c), by falsely indicating on letterhead admission to the practice of law in the State of Florida; and (l) improperly withdrawing from representation, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.16 (e). Mr. Margolin acknowledges his inability to successfully defend himself on the merits against such charges.

Mr. Margolin's resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order and he is aware that any order issued pursuant to this statute could be entered as a civil judgment against him. Mr. Margolin specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Inasmuch as the proffered resignation comports with the requirements of 22 NYCRR 691.9, it is accepted and, effective immediately, Brett K. Margolin is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and FLORIO, JJ., concur.

Ordered that the resignation of Brett K. Margolin is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Brett K. Margolin is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Brett K. Margolin shall promptly comply with this Court's rules governing the conduct of disbarred, suspended,

and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Brett K. Margolin, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Brett K. Margolin has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).